# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

DEVIN B. STRICKLAND,

    Plaintiff,

v.

ARCH INSURANCE COMPANY,

    Defendant.

No. 5:14-CV-70

## ORDER

Before the Court are Plaintiff Devin B. Strickland and Defendant Arch Insurance Co.'s ("Arch") competing summary judgment motions. Dkt. Nos. 24, 26. The motions have been fully briefed and the Court heard oral arguments on both motions. Dkt. Nos. 28, 31-32, 35-36, 38.

The motions present a simple question: Is public construction finished, so as to trigger a statute of limitations, when the public authority finds the project satisfactory and takes responsibility for it? Or does the authority also need to issue formal "final acceptance"? No final acceptance is needed, because O.C.G.A. § 13-10-65 is concerned with actual work, not the authority's "internal policy and procedure." U.S. Fidelity & Guar. Co. v. Rome

Concrete Pipe Co., 353 S.E.2d 15, 16-17 (Ga. 1987). For this reason, as discussed below, the Court **GRANTS** Arch's motion, dkt. no. 24, and **DENIES** Strickland's motion, dkt. no. 26.

**FACTUAL BACKGROUND**

Strickland supplied sand to Douglas Asphalt for use on a Georgia Department of Transportation ("GDOT") road project. Dkt. No. 24-1 ¶¶ 1-2. Douglas Asphalt went into default. Id. ¶ 4. Arch took over Douglas Asphalt's duty, pursuant to an agreement, then arranged for the work's completion by a third party. Id. ¶ 5; Dkt. No. 24-3 at 6-9, 16-17. Strickland was never paid. Dkt. No. 31-3 ¶ 7. He sued Arch seeking recovery on August 22, 2014. Dkt. No. 1-1 at 4. The suit was removed to this Court on September 19, 2014. Dkt. No. 1.

According to GDOT, the underlying road work was "substantially complete," "ready for final inspection," and "complete and satisfactory" on August 25, 2010. Dkt. No. 22 at 12:2-10. The builder requested final inspection on September 1, 2010. Dkt. No. 22-3 at 1. It requested that GDOT take over project maintenance on January 25, 2012, "since all the [work] [had] been completed." Dkt. No. 22-4 at 1. On February 1, 2012, GDOT's area engineer informed his district engineer that the "project ha[d] been satisfactorily completed." Dkt. No. 22-5 at 1. Arch chimed in on February 8, 2012, informing GDOT that "[t]he project ha[d] been open to

2

unrestricted traffic" and all work was satisfactorily completed. Dkt. No. 22-7 at 1.

On March 12, 2012, GDOT accepted project maintenance responsibility retroactive to September 14, 2011. Dkt. No. 22-8. It considered all construction work complete, and all that remained to be done was "the final close out" paperwork. Id. at 16:22-17:7. Therefore, in summer 2012, GDOT issued "semifinal" payment. Id. at 15:8-16. The payment was only semifinal in that an auditor would later check for errors. Id. at 15:18-24. GDOT did not end up paying any additional money. Id. at 15:25-16:1.

Up until GDOT's "final written acceptance," the builder had the duty to protect the project and repair any damage to it. Dkt. No. 22 at 22:10-18. Final written acceptance issued on September 22, 2014. Dkt. No. 22-10 at 1.

Strickland found out shortly before this that GDOT was "prepar[ing] to close out the job." Dkt. No. 23 at 52:25-53:3. He was told by a GDOT employee that the project had not yet been closed, but he needed to file any claims he had immediately. Id. at 54:3-10. He was assured that GDOT would not close out the project if there were any pending lawsuits, so he responded by filing the instant suit. Id. at 54:13-15.

In part, he had not taken earlier action because of a GDOT employee's assurances that he would be paid and

indications that the project might need additional sand. Id. at 41:20-43:16; see also id. at 44:10-11 ("I really tried to demonstrate I was a team player . . . ."). However, he had demanded payment in a September 7, 2012 letter to Arch, with ten pages of records attached. Dkt. No. 24-3 at 22-33. When Arch sought more documents, he did not respond. Id. at 3.

## LEGAL STANDARD

Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The court must view the evidence most favorably to the nonmovant and draw all reasonable inferences in that party's favor. Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).

## DISCUSSION

The statute of limitations bars Strickland's suit. O.C.G.A. § 13-10-65 bars suits for recovery on public works payment bonds "[brought after] one year from the completion of

AO 72A
(Rev. 8/82)

the contract and the acceptance of the . . . construction by the proper public authorities." Completion and acceptance are both required. Completion refers to the builder's performance, and acceptance "to action by the public authority." U.S. Fidelity & Guar. Co. v. Rome Concrete Pipe Co., 353 S.E.2d 15, 16 (Ga. 1987). Both were finished here as of September 14, 2011, and Strickland did not file this suit until August 22, 2014. See Dkt. No. 1-1; Dkt. No. 22 at 16:22-17:7, 23:14-18; Dkt. No. 22-8. Thus, his claim is barred.

I. WORK WAS COMPLETED BY SEPTEMBER 14, 2011.

Work on the road project here was completed by September 14, 2011. Georgia's statute of limitations begins to run as of "completion of the actual construction work"—not the public authority's "complet[ion] [of the project] under its policy and procedures." Rome Concrete Pipe Co., 353 S.E.2d at 17. This gives the builder clear notice as to when to expect a lawsuit, whereas interpreting the statute otherwise would keep the window open until a year after some bureaucratic basilica unpredictably sends up white smoke. Id. at 16-17. Thus, Georgia's rule, like other statutes of limitation, "prevent[s] surprises." Order of R.R. Telegraphers v. Ry. Express Agency, 321 U.S. 342, 348-49 (1944).

Here, the project's actual construction work was complete by September 14, 2011. GDOT characterized the project as "substantially complete" and "ready for final inspection," and "the work [as] complete and satisfactory," on August 25, 2010. Dkt. No. 22 at 12:2-10. On February 1, 2012, GDOT's area engineer said that the "project ha[d] been satisfactorily completed." Dkt. No. 22-5 at 1; see also Dkt. No. 22-8 (concurring letter from state construction engineer); Dkt. No. 26-3 at 9 ("The Engineer will have the final decision on when the Project is substantially complete . . . ."). By February 8, 2012, "[t]he project ha[d] been open to unrestricted traffic." Dkt. No. 22-7 at 1. On March 12, 2012, GDOT accepted project maintenance responsibility retroactive to September 14, 2011. Dkt. No. 22-8. It considered all construction work complete, and thought that all that remained was "the final close out" paperwork. Dkt. No. 22 at 16:22-17:7. GDOT issued its last payment for the project in summer 2012. Id. at 15:8-16:1.

GDOT said that the work was done, took responsibility for it, and paid. Cars were on the road. All that was left was internal GDOT paperwork. This is a clear parallel to Rome Concrete Pipe Co. Cf. Augusta Iron & Steel Works, Inc. v. U.S. Fid. & Guar. Co., 790 F.2d 852, 853 (11th Cir. 1986) (holding actual construction work complete even before final

payment issued); Masonry Specialists of Ga., Inc. v. U.S. Fidelity & Guar. Co., 616 S.E.2d 103, 108 (Ga. Ct. App. 2005) (holding construction complete where building was occupied and accepted by public authority). The project was complete long before a year preceding the filing of this suit.

Strickland contends that the project was incomplete because GDOT said final acceptance had not issued as of August 28, 2014. Dkt. No. 28 at 3 (citing Dkt. No. 26-3 at 6). But, as discussed above, final acceptance does not determine the completion date for purposes of O.C.G.A. § 13-10-65.[1]

Strickland next relies on terms in GDOT's project bond agreement indicating that the builder had precautionary and repair duties until final acceptance, final acceptance was conditioned on the builder proving that it had paid suppliers like Strickland, and the bond remained in full force and effect until all suppliers were paid. Dkt. No. 26 at 4-5 (citing Dkt. No. 26-3 at 7-8); Dkt. No. 28 at 5-6 (citing Dkt. No. 28-2 at 1-2). There are two problems with this argument. That the builder continues to owe duties to preserve and fix its project until final approval, and to pay suppliers, is entirely compatible with the actual work being completed. Cf.

---

[1] Strickland did not contest O.C.G.A. § 13-10-65 as "unconstitutionally vague and indefinite because [a supplier] . . . may not be able to determine" the dates of completion and acceptance. Masonry Specialists of Ga. v. U.S. Fidelity & Guar. Co., 616 S.E.2d 103, 107 (Ga. Ct. App. 2005). The Court will not analyze this sua sponte, out of respect for the Georgia Court of Appeals' intentional silence on this issue. See id. at 107-08.

Augusta Iron & Steel Works, Inc., 790 F.2d at 853 (holding project completed and accepted despite public authority not having made final payment).

Besides, in Georgia, statutory bonds like the one here must be interpreted in light of the law—not the other way around. See Accerbi v. Hartford Fire Ins. Co., No. CV104-048, 2005 WL 2406150, at *4 (S.D. Ga. Sept. 26, 2005) ("Whatever is included in the bond, and is not required by law, must be read out of [the bond], and whatever is not expressed, and ought to have been incorporated, must be read as if inserted into [the bond]." (quoting Campbell v. Benton, 122 S.E.2d 223, 226 (Ga. 1961))). Thus, the Court cannot derive anything from the bond agreement as a substitute for Georgia courts' interpretation of "completion" under O.C.G.A. § 13-10-65.[2] Georgia precedent indicates that a project is complete when the actual work is done. Here, the construction work was completed over a year before Strickland filed suit.

**II. GDOT ACCEPTED AS OF SEPTEMBER 14, 2011.**

GDOT also accepted the project too soon for Strickland's suit to be timely. There is little precedent regarding acceptance's meaning. But the Georgia Supreme Court identified O.C.G.A. § 13-10-65's elements as "completion of

---

[2] For the same reason, the Court need not address Strickland's contention that GDOT considers a project complete only upon final acceptance. Dkt. No. 38 at 7.

the actual construction work and acceptance thereof." Rome Concrete Pipe Co., 353 S.E.2d at 16 (emphasis added). It contrasted this with the public authority's "determin[ation] [that the project is] complete with reference to its own internal policy and procedure." Id. at 16-17. It specifically envisioned cases where the authority would "accept[ ]" the project, even though "the contract was not complete under its policy and procedures." Id. at 17; see also Dkt. No. 26-3 at 9 (contemplating in bond agreement possibility of "accepted work prior to Final Acceptance").

This is just such a case. GDOT accepted the road work on September 14, 2011, even as it continued to finalize the paperwork. GDOT was entirely satisfied with conditions on the ground, expressed that to the builder, paid soon thereafter, and took responsibility for the project. This was acceptance. Cf. Masonry Specialists of Ga., Inc. v. U.S. Fid. & Guar. Co., 616 S.E.2d 103, 108 (Ga. Ct. App. 2005) (holding building accepted upon occupation and dedication). Therefore, with work completed and accepted, the statute of limitations began to run on September 14, 2011—well over a year before Strickland's August 22, 2014 filing of this suit.

## CONCLUSION

For the reasons above, Arch's motion for summary judgment, dkt. no. 24, is **GRANTED** and Strickland's, dkt. no.

AO 72A
(Rev. 8/82)

26, **DENIED**. The Clerk of Court is **DIRECTED** to enter the appropriate judgment and close this case.

**SO ORDERED**, this 10th day of January, 2017.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)